IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MATTHEW RETCHLESS,<br><br>      Defendant. | 8:21-CR-91<br><br>ORDER REGARDING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

    This matter is before the Court on the Magistrate Judge's Findings and Recommendation, Filing 24, recommending that the Court accept the defendant's plea of guilty to Count I of the Indictment. There are no objections to the findings and recommendation. Nonetheless, the Court declines to adopt the findings and recommendation at this time.

    Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record. Count I of the Indictment charges Defendant with violating 18 U.S.C. § 2252(a)(2) and (b)(1). Filing 1. Under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), 18 U.S.C. § 2259A(1)-(2), the court shall impose a special assessment of "not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5)" and "not more than $35,000 on any person convicted of any other offense for trafficking in child pornography." Because Defendant is pleading guilty to an "offense for trafficking in child pornography" other than "offense under section 2252(a)(4) or 2252A(a)(5)," he is subject to a special assessment of up to $35,000 under the AVAA. *See* 18 U.S.C. § 2259A(1)-(2); *see also* 18 U.S.C. § 2259(c)(3) ("For purposes of . . . section 2259A, the term 'trafficking in child pornography' means conduct proscribed by section . . . 2252 . . . ."). In addition, the court shall assess any non-indigent person convicted of an offense under Chapter 110 of Title 18 an amount of $5,000 under the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014(a)(3).

1

The Petition to Enter a Plea of Guilty, Filing 26, and Plea Agreement, Filing 28, indicate Defendant is subject to an additional special assessment of $35,000, but omit any mention of an additional $5,000 assessment. As a result, Defendant was not informed of the maximum potential assessment he faces at his change-of-plea hearing. Filing 30. Because Defendant was not informed of the maximum potential assessment he faces, it is the Court's intent to further inquire into this matter at the sentencing hearing set for February 17, 2022. Filing 25. At that time, the Court will decide whether Defendant's plea of guilty should be accepted and whether the matter should proceed directly to sentencing. Counsel should be prepared to address this issue via interlineation immediately prior to the sentencing hearing.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation, Filing 24, is held in abeyance;
2. This matter will be addressed at the sentencing hearing set for February 17, 2022; and
3. This case shall provisionally proceed to sentencing.

Dated this 3rd day of December, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge